IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CRISTOBAL CARDENAS,<br><br>        Plaintiff,<br>v.<br><br>CHRISTOPHER CASTELLI, PATRICIA FOX, MELINDA BUTTERFIELD, CHRIS STEVENSON, and PAMELA LARA,<br><br>        Defendants. | Case No.: 3:23-cv-00068-AN<br><br>OPINION AND ORDER |

        Self-represented plaintiff Cristobal Cardenas brought this action against Christopher Castelli, Patricia Fox, Melinda Butterfield, Chris Stevenson, and Pamela Lara, alleging deprivation of due process and equal protection in violation of 42 U.S.C. § 1983.

        Plaintiff and defendants filed cross-motions for summary judgment. After reviewing the motions, the Court finds this matter appropriate for decision without oral argument. Local R. 7-1(d). For the reasons stated herein, defendants' motion for summary judgment is GRANTED and plaintiff's motion for summary judgment is DENIED.

## LEGAL STANDARD

        Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that there is no genuine issue of material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). Material facts are those which might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Materiality is determined using substantive law. *Id.* A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

        When a moving party demonstrates the absence of a genuine dispute as to any material fact, the nonmoving party that bears the burden at trial must show in response that there is evidence creating

a genuine dispute as to any material fact. *Rivera*, 395 F.3d at 1146 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986)). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255.

## BACKGROUND

Defendants are employees of the Oregon Department of State Lands ("ODSL"). The ODSL is responsible for, amongst other things, enforcing wetland conservation laws, including removal-fill laws, which prohibit a person from removing, filling, or altering waterways and wetlands. Defs. Am. Mot. for Summ. J. ("Defs. MSJ"), ECF [24], at 2; Or. Rev. Stat. § 196.600 *et seq*. As relevant to this action, the law prohibits removing "any material from the beds or banks of any waters of this state or fill any waters of this state without a permit issued under authority of the Director of the Department of State Lands, or in a manner contrary to the conditions set out in the permit, or in a manner contrary to the conditions set out in an order approving a wetland conservation plan." Or. Rev. Stat. § 196.810(1)(a).

Plaintiff owns property in Washington County. Am. Decl. of Christopher Castelli ("Castelli Decl."), ECF [25], ¶ 9. ODSL brought two separate enforcement actions against plaintiff, 8212-ENF (the "first enforcement action") and 8347-ENF (the "second enforcement action"), after it determined that he had committed removal-fill law violations. Defs. MSJ 2.

### A. First Enforcement Action

ODSL received a complaint in September 2019 that plaintiff was "using heavy machinery to potentially damage waterways and wetlands on his property." Defs. MSJ 4; Castelli Decl. ¶¶ 9-10. ODSL performed a site visit, identified violations of removal-fill law, and opened the first enforcement action. Castelli Decl. ¶ 10. Plaintiff and ODSL then entered into a consent order under which ODSL agreed to suspend the $6,000 fine and plaintiff agreed to perform mitigation on his land. *Id.* ¶ 12.

In November of 2020, ODSL notified plaintiff that he was not in compliance with the

consent order. *Id.* ¶ 13. Plaintiff remained out of compliance, and ODSL notified plaintiff that the civil penalty was now owed. ODSL states that it informed plaintiff on February 1, 2021, while plaintiff states that he received a letter assessing the full penalty dated March 26, 2021. *Id.* ¶ 15; Pl. MSJ, ECF [23], Ex. 1. Plaintiff states that he sought a hearing to appeal the proposed order, apparently with the assistance of counsel, and provided proof of financial hardship. Compl., ECF [1], at 4-5 (all references to ECF pagination); Pl. MSJ, Ex. 2, Ex. 4. Plaintiff alleges such a hearing never occurred. Pl. MSJ 3. It appears that plaintiff also engaged outside assistance to contest certain ODSL findings, including the extent of the wetlands on his property, and to pursue a settlement. *Id.*, Ex. 13, Ex. 15, Ex. 17.

Plaintiff did not pay the fine, and because under Oregon law unpaid fines are doubled and interest applied, ODSL notified plaintiff on January 4, 2022 that he owed a total amount of $65,103.45 and stated its intent to put a lien on plaintiff's property for the amount owed. Castelli Decl. ¶¶ 16-17; Pl. MSJ, Ex. 8. Plaintiff alleges he was still awaiting a hearing at the time of this letter. Pl. MSJ 3. ODSL subsequently recorded the lien in Washington County. Castelli Decl. ¶ 17. Plaintiff alleges that fines, fees, interest, and lien were erroneously assessed and that defendants "falsified records to show that a wetland violation occurred where no wetland exists." Compl. 4-5.

ODSL reviewed the first enforcement action and, on August 8, 2023, issued a final order superseding the previous order and stating that plaintiff did not owe any fines or penalties, that plaintiff had no more obligations under the consent order, and that the first enforcement action was closed. Castelli Decl. ¶¶ 19-20, Ex. 1. The final order also gave notice to plaintiff that he could petition for judicial review under the Oregon Administrative Procedures Act, Oregon Revised Statute ("ORS") § 183.484, or that he could petition the Director of the ODSL for reconsideration. *Id.* ¶ 21, Ex. 1. The lien on plaintiff's property was released. *Id.*, Ex. 2. Plaintiff did not petition for judicial review or reconsideration.

B.    **Second Enforcement Action**

ODSL states that during the pendency of the first enforcement action plaintiff committed new removal-fill law violations. *Id.* ¶ 23; Pl. MSJ, Ex. 10. On January 4, 2022, ODSL issued a proposed order, for which plaintiff timely requested a hearing before the Oregon Office of Administrative Hearings

3

("OAH"). Castelli Decl. ¶ 25; Pl. MSJ, Ex. 22.

Senior Administrative Law Judge Alison Webster held a hearing on January 23 to 25 and February 9, 2023. Castelli Decl. ¶ 26. Judge Webster then issued a proposed order, to which plaintiff filed written exceptions. *Id.* ¶ 27, Ex. 3. At the time of briefing, ODSL was determining whether to issue a final order. After the final order is issued, plaintiff will have the right to appeal to the Oregon Court of Appeals under ORS §§ 183.480 and 183.482. *Id.* ¶ 27.

During his administrative proceedings, plaintiff filed the complaint before this court. After the proposed order issued, but before any final order, the parties filed cross-motions for summary judgment.

## DISCUSSION

### A.  Due Process Violations

Plaintiff does not specify whether he alleges a procedural or substantive due process violation. In either case, he must demonstrate that he was deprived of a constitutionally protected property interest. *Gerhart v. Lake Cnty., Mont.*, 637 F.3d 1013, 1019 (9th Cir. 2011). To demonstrate a procedural due process violation, a plaintiff must additionally show that there was a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). A deprivation does not constitute a procedural due process violation if "a meaningful postdeprivation remedy for the loss is available." *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

The parties do not dispute that, in the first enforcement action, ODSL issued a final order superseding its previous order and that under the final order, plaintiff did not owe any penalties or fines and had no obligations under the consent order, and the enforcement action was, in fact, terminated. Nor do the parties dispute that ODSL withdrew the lien placed on plaintiff's property. Because no fine or penalty was imposed, and no property taken, plaintiff was not deprived of a constitutionally protected property interest in the first enforcement action. Similarly, the parties do not dispute that, in the second enforcement action, no final order had yet issued at the time of briefing, and plaintiff may seek judicial review of such final order. The second enforcement action final order is still pending, and "the state's action is not complete

until and unless it provides or refuses to provide a suitable postdeprivation remedy." *Hudson*, 468 U.S. at 533. In the absence of such final order, plaintiff has not suffered a deprivation because he owes no fine and has no obligation.

Even if a deprivation had occurred, the parties do not dispute that plaintiff was informed, in both actions, of his right to petition for judicial review, and plaintiff actually availed himself of that right in the second enforcement action. Plaintiff alleges that he requested a hearing that never occurred in the first enforcement action. That request was made, however, prior to the final superseding order, at which point plaintiff was again informed of his right to petition for judicial review and did not do so. Accordingly, based on the undisputed facts, no due process violations occurred.

**B.    Equal Protection Violations**

To succeed on an equal protection claim under 42 U.S.C. § 1983, a plaintiff must show that he was treated differently than other similarly situated persons as a result of intentional or purposeful discrimination based on membership in a protected class. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000). A plaintiff may also bring a claim under a "class of one" theory by showing that he was treated differently than other similarly situated persons and "there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The parties do not dispute the fact that ODSL began enforcement actions against plaintiff after receiving complaints that he was using heavy machinery to damage wetlands and waterways on his property. This demonstrates a legitimate, rational basis for bringing enforcement against plaintiff not motivated by his membership in a protected class. Plaintiff does not, in fact, plead that he is a member of a protected class or that he was treated differently than other similarly situated persons without rational basis for doing so, and he does not raise any evidence disputing the basis for the enforcement action.

Plaintiff does not offer any argument in his motion for summary judgment in support of his equal protection claim. He raises for the first time in his response that he is an "American minority," and generally alleges that evidence used in the enforcement actions was falsified. Pl. Resp., ECF [29], at 2-3. Plaintiff's unsupported allegations of falsified evidence do not, however, create a genuine dispute

5

about the basis of the enforcement actions or present evidence that defendants intended to discriminate against plaintiff. Accordingly, defendants are entitled to summary judgment on plaintiff's equal protection claims.

## CONCLUSION

For the foregoing reasons, defendants' Amended Motion for Summary Judgment, ECF [24], is GRANTED. Plaintiff's Motion for Summary Judgment, ECF [23], is DENIED.

IT IS SO ORDERED.

DATED this 11th day of September, 2024.

_____
Adrienne Nelson
United States District Judge